IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAKEMA GODFREY AND JLH, A MINOR,<br>   PLAINTIFFS,<br><br>v.<br><br>DEPUTY MORALES,<br>   DEFENDANT. | §<br>§<br>§<br>§<br>§  CIVIL NO. 3:24-CV-1450-N-BK<br>§<br>§<br>§ |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

  Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this *pro se* case was referred to the United States magistrate judge for judicial screening, including the issuance of findings and a recommended disposition. Upon review, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order and for want of prosecution.

  On July 2, 2024, the Court issued a deficiency order, which required Plaintiff to plead facts or cite authority establishing that federal or state law allows her to assert her child's claim as her own within the meaning of 28 U.S.C. § 1654. Doc. 8 at 2. To the extent Plaintiff sues on her own behalf, the Court also ordered Plaintiff to (1) file an amended motion to proceed *in forma pauperis* on the AO-239 Form and explain her discretionary spending and whether she owns an automobile, (2) file an amended complaint that meets the requirements of Rule 8(a), and (3) register to use the Court's electronic filing system. Doc. 8 at 3. The deadline for Plaintiff's response was July 23, 2024. As of the date of this recommendation, however, Plaintiff has not responded to the Court's deficiency order, nor has she sought an extension of time to do so.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Plaintiff has been given ample opportunity to respond to the Court's deficiency order. She has impliedly refused or declined to do so. Therefore, this action should be dismissed without prejudice for failure to comply with a court order and for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).

For the foregoing reasons, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order and for want of prosecution.

**SO RECOMMENDED** on August 30, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).